IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| DeMUN D. WALKER, Register No. 188966, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09-4129-CV-C-NKL |
| | ) | |
| MISSOURI ATTORNEY GENERAL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff DeMun D. Walker, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343.[1] Named as defendants are the Missouri Attorney General and John and Jane Does.

Plaintiff apparently alleges his rights have been violated in connection with his criminal conviction and denial of post-conviction benefits.

Based on his inmate account information, plaintiff has been granted provisional leave to proceed without prepaying the filing fee and costs, subject to modification pursuant to the screening process required by 28 U.S.C. §§ 1915 and 1915A. Pursuant to the Prison Litigation Reform Act, the court is required to screen prisoner cases and must dismiss a complaint, or any portion of the complaint, if satisfied that the action is frivolous, malicious, or fails to state a claim under which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2). Additionally, under section 1915(g), if a prisoner, while incarcerated, has had three cases dismissed on any of these grounds, the court must deny leave to proceed under section 1915(a). The only exception to the successive petition clause is when the prisoner faces "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

---

[1]This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

It appears that plaintiff's requests for relief from his criminal conviction have been denied by all courts addressing this issue. Plaintiff's claims should be dismissed because judgment in favor of plaintiff would "necessarily imply the invalidity of his conviction or sentence." Heck v. Humphrey, 512 U.S. 477, 487 (1994); Simmons v. O'Brien, 77 F.3d 1093 (8th Cir. 1996). When a prisoner seeks damages for an illegal conviction, imprisonment, or other act that would "necessarily" render his conviction or sentence invalid, the prisoner must first prove the conviction or sentence has been invalidated through appropriate channels. Heck, 512 U.S. at 486-87. Plaintiff's first cause of action is not ripe until his underlying conviction or sentence has been set aside.

Likewise, where a state prisoner seeks damages and declaratory relief in an action challenging the validity of procedures used to deprive him of good-time credits or which otherwise affect his out-date, and the challenge to the procedures necessarily implies that the punishment imposed was invalid (i.e., necessarily implies that the denial of good-time credits was invalid), the claim is not cognizable under 42 U.S.C. § 1983. Edwards v. Balisok, 520 U.S. 641, 646 (1997).

To challenge his state conviction or sentence in federal court, plaintiff must petition for a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 501 (1973). Before seeking federal habeas relief, plaintiff must exhaust all adequate and available state court remedies. 28 U.S.C. § 2254(b)(c); Rose v. Lundy, 455 U.S. 509, 520 (1982); Powell v. Wyrick, 657 F.2d 222 (8th Cir. 1981). The state courts must have an opportunity to review the merits of plaintiff's contentions and must be given primary responsibility in their own criminal cases. Fay v. Noia, 372 U.S. 391 (1963); Tyler v. Swenson, 527 F.2d 877 (8th Cir. 1976).

Plaintiff's claims should be dismissed, without prejudice. Schafer v. Moore, 46 F.3d 43 (8th Cir. 1995). If plaintiff is able to invalidate his conviction or sentence, he may refile his section 1983 claims at that time.

Plaintiff's complaint should be dismissed because he has failed to state a claim under 42 U.S.C. § 1983. Plaintiff is warned that if this case is dismissed as recommended, it will count against him for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

Based on the foregoing, plaintiff's motions for leave to amend to add Governor Jay Nixon as a defendant, for an order releasing him from custody and for judgment on the pleadings should be denied.

IT IS, THEREFORE, RECOMMENDED that plaintiff's motion for leave to amend, for an order releasing him from custody and for judgment on the pleadings be denied. [9, 6, 3] It is further

RECOMMENDED that plaintiff's claims be dismissed, without prejudice, pursuant to 28 U.S.C. § 1915A, for failure to state a claim for which relief can be granted.

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 16th day of September, 2009, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge