**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION**

| | | |
|---|---|---|
| DeMUN D. WALKER, Register No. 188966, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09-4129-CV-C-NKL |
| | ) | |
| MISSOURI ATTORNEY GENERAL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

On September 16, 2009, United States Magistrate Judge William A. Knox recommended dismissing plaintiff's claims, without prejudice, for failure to state a claim. The parties were advised they could file written exceptions to the recommendation, pursuant to 28 U.S.C. § 636(b)(1).

The court has conducted a de novo review of the record, including the exceptions filed by plaintiff on September 28, 2009. The issues raised in plaintiff's exceptions were adequately addressed in the report and recommendation. Plaintiff's claims clearly are challenging the validity of his confinement and, therefore, must be brought via a writ of habeas corpus. Plaintiff's cite to his Eastern District of Missouri habeas corpus case[1] that was dismissed, without prejudice; the denial of a certificate of appealability by the Eighth Circuit Court of Appeals on July 1, 2008; and his case filed in state court[2], which still appears to be pending, fail to support that plaintiff's conviction or sentence has been invalidated. Thus, plaintiff has no viable claim under 42 U.S.C. § 1983. If plaintiff is able to invalidate his conviction or sentence, he may refile his section 1983 claims at that time.

---

[1]Walker v. State of Missouri, No. 07-1859 (E.D. Mo. 2008).

[2]Walker v. Missouri Dep't of Corrections, No. 08AC-CC00950 (Mo. 19th Cir. filed Nov. 24, 2008).

Plaintiff's additional allegations in his objections that are unrelated to his original complaint will not be addressed by this court; plaintiff may file a separate complaint on these claims if he determines it necessary.

The court is persuaded that the recommendation of the Magistrate Judge is correct and should be adopted.

Inmates who file an appeal with the United States Court of Appeals for the Eighth Circuit are required to pay the full $455.00 appellate filing fee, regardless of the outcome of the appeal. Henderson v. Norris, 129 F.3d 481, 484 (8th Cir. 1997). The filing of a notice of appeal is considered a consent by the inmate to allow prison officials to deduct an initial partial appellate filing fee and later installments from the prisoner's account.

IT IS, THEREFORE, ORDERED that the Report and Recommendation of September 16, 2009, is adopted. [11] It is further

ORDERED that plaintiff's claims are dismissed, without prejudice, pursuant to the provisions of 28 U.S.C. § 1915A, for failure to state a claim for which relief can be granted. It is further

ORDERED that plaintiff's motions for default judgment, for leave to amend, for release from custody, and for judgment on the pleadings are denied, without prejudice. [13, 9, 6, 3]


/s/ _____

NANETTE K. LAUGHREY
United States District Judge

Dated: November 12, 2009
Jefferson City, Missouri

Case 2:09-cv-04129-NKL   Document 14   Filed 11/13/09   Page 2 of 2